IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN FCI PEKIN, FEDERAL BUREAU OF PRISONS,<br><br>Respondents. | Cause No. CV 25-137-BLG-SPW<br><br>ORDER |

Petitioner Alexandre Zdenek Davis ("Davis"), a federal prisoner, filed a "pro se motion under 28 U.S.C. §2241. (Doc. 1.)

Davis is presently serving a 51-month sentence imposed by this Court in *United States v. Davis*, Cause No. CR 22-106-BLG-DLC. (*Id.* at 2.) Davis alleges that prison authorities are denying him credit for time served under the First Step Act ("FSA") and/or the Second Chance Act ("SCA") due to a warrant. He claims that due to the warrant, he is also being denied placement in a Residential Re-entry Center ("RRC"). (*Id.*) Davis explains that he has attempted to resolve the issue and alleges that the State of Idaho has told the Federal Bureau of Prisons ("BOP") that there is no intention to extradite Davis on the state warrant. Davis asserts he

1

has administratively exhausted the issue. (*Id.*)

Davis argues that the warrant should have no influence on the FSA/SCA and that he should be receiving the corresponding time credits. (*Id.* at 2.) He believes his unit team and FCI Pekin are wrongfully withholding the credits he is due, as well as refusing to place him outside of the facility.

Davis requests placement in a RRC and a declaration from this Court that warrants do not prevent inmates from RRC placement. He also asks for FSA/SCA credits. (*Id.*)

But as Davis has previously been informed, jurisdiction over a §2241 petition lies in the district of the prisoner's confinement. *Hernandez v. Campbell*, 204 F. 3d 861, 864 (9th Cir. 2000); *see also, United States v. Davis*, Cause No. CR 22-106-BLG-DLC, Ord. at 2-3 (D. Mont. Oct. 14, 2025). Thus, this Court lacks jurisdiction over a § 2241 petition. Because Davis is incarcerated in Pekin, Illinois, should he wish to proceed in habeas, he should refile a § 2241 petition in the Central District of Illinois.

Moreover, the determination of whether an inmate is eligible for placement in a halfway house or home confinement is within the sole discretion of the Bureau of Prisons. *See, Reeb v. Thomas*, 636 F. 3d 1224, 1228 (9th Cir. 2011). Accordingly, this Court lacks jurisdiction to consider the BOP's discretionary housing determinations. To the extent that Davis believes the BOP is improperly

considering the existence of a non-extraditable warrant from Idaho in denying him housing placement, the claim is not properly before this Court. This matter will be dismissed.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

This Court lacks jurisdiction over Davis's filing. He should proceed, if at all, in the custodial court. Thus, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Accordingly, the Court enters the following:

### ORDER

1. Davis's § 2241 petition (Doc. 1) is DISMISSED without prejudice.

3

2. Clerk of Court is directed to close this matter and enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 18th day of November, 2025.

*Susan P. Watters*
Susan P. Watters
United States District Court Judge